ARNOLD PLUMLEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Plumlee v. Commissioner
Docket No. 5109-75.
United States Tax Court
T.C. Memo 1977-21; 1977 Tax Ct. Memo LEXIS 421; 36 T.C.M. (CCH) 95; T.C.M. (RIA) 770021; January 31, 1977, Filed *421 Gerald W. Hartley, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined the following deficiencies in petitioner's income tax: Addition to Tax for Fraud, Year
Deficiency
Sec. 6653(b), I.R.C. 1954
1971
$ 6,069.69
$ 3,034.85
1972
26,318.05
13,159.03
After due notice serviced upon both parties August 17, 1976, this case was called from the calendar for trial at Tampa, Florida, on November 29, 1976. No appearance was made by or on behalf of the petitioner, and the Government filed a "Motion to Dismiss for Failure of Petitioner to Prosecute and to Comply with the Court's Rules". The motion recited that various conferences were scheduled with petitioner on specified dates and that petitioner neither appeared at these conferences nor communicated with the respondent to explain his failure to attend. The motion also recited that petitioner failed to reply to communications from respondent which transmitted to petitioner proposed stipulations of fact. In the circumstances, it is quite plain that the Government's motion is well taken and we must conclude that petitioner is liable for the basic income *422 tax deficiencies as determined. In respect of the additions for fraud under section 6653(b), the burden of proof is of course upon the respondent. And in his answer (filed September 22, 1975) to the amended petition, respondent alleged facts in support of his determination that a part of the underpayment of tax for each of the years in issue was due to fraud. Petitioner did not file a reply to that answer, and, in accord with Rule 37(c) of our Rules of Practice and Procedure, the respondent on December 18, 1975, filed a motion for an order that his undenied allegations in support of fraud be deemed admitted. That motion was duly set for hearing, but no appearance was made at that hearing by or on behalf of petitioner, nor was any response made to the motion.The Court thereupon, on February 4, 1976, granted the motion except as to the ultimate conclusions relating to fraud. The respondent, also on November 29, 1976, filed a "Motion for Summary Judgment" [1] in respect of the additions for fraud. We have reexamined the allegations contained in respondent's answer to the amended petition and are satisfied that the undenied allegations of underlying fact contained therein, which *423 must now be regarded as established for purposes of this case, are sufficient to support the ultimate conclusions of fraud and that they constitute clear and convincing evidence of such fraud. We so find. The respondent's determinations in respect of the additions for fraud must therefore be approved as to each year in issue. Decision will be entered for the respondent. Footnotes
1. The fraud issue is one that may properly be considered as having been submitted to us on the merits upon the basis of the undenied allegations of underlying fact in the answer to the amended petition together with the exhibits attached to the motion (which exhibits we treat as evidence admitted at the hearing when the case was called from the calendar).↩